**AFFIRM; and Opinion Filed July 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01039-CR
No. 05-13-01040-CR

**KELVIN WAYNE DELONEY-TERRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-63589-J, F13-24400-J**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Brown

Kelvin Wayne Deloney-Terry appeals from his convictions for aggravated assault and burglary. In a single issue, appellant contends he received ineffective assistance of counsel at trial. We affirm the trial court's judgments.

BACKGROUND

On May 23, 2013, appellant waived a jury and pleaded guilty to aggravated assault with a deadly weapon, a firearm, and burglary of a habitation. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), 30.02(a) (West 2011). During the June 12, 2013 sentencing hearing, appellant testified the aggravated assault involved him chasing the complainant into a store, through the

store aisles, and back out to the parking lot. Appellant was holding a gun during the chase. Appellant said that although he fired the gun, he only intended to scare the complainant. A videotape from surveillance cameras showing appellant chasing the complainant out of the store was admitted into evidence. Appellant testified his involvement in the burglary consisted of pawning the items that someone else stole from another's house. Appellant denied being a member of a gang, but testified he "associated" with others who were gang members. Appellant asked the trial court to grant him probation and send him to drug treatment. Appellant testified that although he was not successful on a prior juvenile probation, he would be successful this time because he now had a three-month-old daughter.

During cross-examination, appellant testified about his juvenile history, which included disorderly conduct, assault causing bodily injury, burglary, and truancy. Appellant testified about his behavior while on juvenile probation, and that he was sent to the Texas Youth Commission after his probation was revoked. The prosecutor asked appellant a series of questions concerning appellant's tattoos. Photographs of the tattoos were admitted into evidence. At one point during appellant's cross-examination, the trial judge admonished appellant that he needed to answer the prosecutor's questions and, if appellant had a problem, he needed to let the judge know.

Appellant's trial counsel did not object to any of the prosecutor's questions. During re-direct examination, counsel asked appellant to "look the judge in the eye and be honest." Appellant told the trial judge he had thought about what he did and he believed he deserved a second chance so he could "get back out to my daughter and do what's right." At closing, counsel argued that appellant needed drug treatment and intensive supervision. Counsel argued

that appellant's infant daughter was "not in the picture" during appellant's unsuccessful juvenile probation, and that appellant deserved a chance to spend time with his new family.

After finding appellant guilty, the trial court assessed punishment at eight years' imprisonment and a $2,500 fine on the aggravated assault and five years' imprisonment and a $1,500 fine on the burglary. The trial judge stated she "started off with two, but after your performance on the stand, you got up to eight. That's what I thought of your behavior." The trial judge and appellant had an exchange in which the judge told appellant to "close your mouth," and appellant responded, "No, you close your mouth."

### APPLICABLE LAW

To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, and (2) but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). It is an appellant's burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *Id*. at 813. Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

An ineffective assistance claim must be "firmly founded in the record," and the record must affirmatively demonstrate the claim has merit. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 391, 392 (Tex. Crim. App. 2005). In most cases, a silent record that provides no explanation for counsel's actions will not overcome

the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Direct appeal is usually an inadequate vehicle for raising an ineffective assistance claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93. Counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Id*. at 593.

## DISCUSSION

Appellant contends he received ineffective assistance at sentencing because counsel placed him on the stand without necessity, subjecting appellant to "impermissible impeachment" by the State. Appellant argues that because he had already judicially confessed to both offenses, it was unnecessary for him to take the stand and be "grilled" by the prosecutor about his criminal history. Appellant asserts that but for counsel's ineffective performance, the outcome of the proceedings would have been different. The State responds that the record does not show appellant received ineffective assistance of counsel.

An accused has a constitutional right to testify, and the decision whether or not to testify ultimately rests with the accused. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 St.Ct. 3308 (1983); TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005); TEX. CONST. art I, § 10; U.S. CONST. amends. V, XIV. Therefore, even if trial counsel asked appellant not to testify, the decision to do so ultimately rested with appellant. *See Jones*, 463 U.S. at 751.

Moreover, trial counsel in these cases did not have an opportunity to explain herself; therefore, we cannot determine from this record why she conducted appellant's defense the way she did. *See Menefield*, 363 S.W.3d at 593; *Goodspeed*, 187 S.W.3d at 392. Because there is no evidence in the record concerning trial counsel's actions, appellant has not overcome the strong presumption of reasonable assistance and has not established trial counsel's conduct was so

outrageous that no competent attorney would have engaged in it. *See Rylander*, 101 S.W.3d at 110–11. Further, appellant has failed to establish he was prejudiced by the alleged error. A trial court may consider evidence regarding punishment that includes a defendant's prior criminal record, his general reputation, his character, the circumstances of the offense for which he is being tried, and any other evidence of an extraneous crime or bad act the defendant has been shown beyond a reasonable doubt by evidence to have committed. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2013).

Nothing in the record support's appellant's claims that counsel was ineffective. We conclude appellant has not met his burden by proving by a preponderance of the evidence that counsel was ineffective. *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813. We overrule appellant's sole issue.

We affirm the trial court's judgments.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131039F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KELVIN WAYNE DELONEY-TERRY,
Appellant

No. 05-13-01039-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 3 of Dallas County, Texas (Tr.Ct.No.
F12-63589-J).
Opinion delivered by Justice Brown,
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered July 7, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KELVIN WAYNE DELONEY-TERRY,
Appellant

No. 05-13-01040-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 3 of Dallas County, Texas (Tr.Ct.No.
F13-24400-J).
Opinion delivered by Justice Brown,
Justices Bridges and O'Neill participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered July 7, 2014.